**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JOHN ROSWELL,** | ) | **Civil No. 1:22-CV-02587 (RDB)** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **PLAINTIFF'S REPLY** |
| **v.** | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **RULE 56(d) MOTION** |
| **CITY OF BALTIMORE et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

COMES NOW the Plaintiff, John Roswell, and files this memorandum brief in support of his Rule 56(d) Motion.

**ARGUMENT**

**I.      ROSWELL'S 56(d) MOTION SHOULD BE GRANTED.**

As stated in Roswell's Brief in support of his Rule 56(d) Motion, Roswell submits that this Court can and should grant his Motion for Preliminary Injunction ("PI Motion") based on the evidence before it.  Such a ruling would  make it unnecessary to consider Defendants' Motion for Summary Judgment ("SJ Motion") at this juncture.  Plaintiff's Rule 56(d) Motion would conserve judicial resources.

However, to grant summary judgment, the Court would need to disagree with Roswell and agree with Defendants.  But several of Defendant's arguments involve factual allegations—such as that Roswell's signs are a danger, that Defendants' Regulations actually advance goals such as ensuring public safety and maintaining property values, and that Defendants' Regulations do not burden substantially more speech than necessary.  There are several other areas which Roswell has identified where discovery is expected to buttress his claims—including inquiry into the permit process Defendants required for the planters on the sidewalk in question, the guidelines Defendants follow in approving or denying the two permits required, and the cost of an A-frame sign.  Roswell

is entitled to discovery into each of these areas before the Court considers Defendants' SJ Motion, because such discovery would enable Roswell to respond directly to Defendants' arguments (even though such arguments misstate the law and facts).

In each of the above areas, Roswell submits there is not only a dispute of material fact precluding summary judgment, but the facts show that Roswell is likely to prevail at trial. But even if the Court disagreed and was inclined to grant Defendants' SJ Motion, the bases for such a ruling involve areas where Roswell must be allowed discovery. And because Defendants' SJ Motion would be unsuccessful either way at this stage, there is no prejudice in allowing discovery before considering it.

**II.      IF ROSWELL'S MOTION IS DENIED, HIS RESPONSE SHOULD NOT BE DUE UNTIL AFTER THE COURT RULES ON HIS MOTION FOR PRELIMINARY INJUNCTION.**

If Roswell's PI Motion is granted, the Defendants' SJ Motion will become moot. If Roswell's PI Motion is denied, the Court will necessarily make findings of law which would allow the parties to better focus their arguments at the summary judgment stage. This is particularly the case when the facts and constitutional law applying to the PI Motion and SJ Motion are nearly identical, but the legal standards for the motions differ. As such, judicial economy would be better served by postponing further briefing until after this Court has ruled on Roswell's Motion for Preliminary Injunction.

DATED this 15th day of December, 2022.

JOHN ROSWELL, Plaintiff,

BY:   /S/ Cameron E. Guenzel
        *Admitted Pro Hac Vice*
        Nebraska Bar No. 24405
        JOHNSON, FLODMAN,
        GUENZEL & WIDGER
        1227 Lincoln Mall
        Lincoln, NE 68508-2847
        Phone: (402) 475-4240
        Fax: (402) 475-0329
        cguenzel@johnsonflodman.com

        /S/ Matthew F. Heffron
        Nebraska Bar No. 19225*
        THOMAS MORE SOCIETY
        10506 Burt Circle/ Suite 110
        Omaha, Nebraska 68114
        Phone: (402) 952-5415
        Fax: (312) 782-1887
        mheffron@thomasmoresociety.org

        AND

        /S/ J. CALVIN JENKINS, JR.
        Federal Bar No. 00306
        409 Washington Avenue, Suite 610
        Towson, MD 21204
        CPF#: 7512010152
        Phone: (410) 296-6822
        Fax: (410) 825-7913
        jcjenkins@baltimorecountylaw.com

        * Pending admission pro hac vice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2022, the foregoing Reply Brief was served via the Court's CM/ECF electronic filing system on Counsel of Record.  A copy will be filed with the Clerk of Court.

BY:   /S/ Cameron E. Guenzel

3